# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| DANA BOWMAN | § | |
| | § | |
| V. | § | CASE NO. 4:14cv672 |
| | § | Judge Mazzant |
| WESTERN RIM PROPERTY | § | |
| SERVICES, INC., NEWPORT CLASSIC | § | |
| HOMES, L.P., WESTERN RIM | § | |
| INVESTORS 2011-6, L.P., and | § | |
| BRE MF FRISCO, LLC | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants Western Rim Property Services, Inc., Newport Classic Homes, L.P., and Western Rim Investors 2011-6, L.P.'s Motion to Join N.T.S. Architects & Planners, Inc. ("NTS") as an Additional Defendant Under Rule 19, or alternatively, Rule 20 (Dkt. #27). Having considered the relevant pleadings, the Court is of the opinion that the motion should be denied.

On October 22, 2014, the Plaintiff filed this case against Defendants Western Rim Property Services, Inc., Newport Classic Homes, L.P., and Western Rim Investors 2011-6, L.P. (The "Western Rim Defendants"). Plaintiff alleges that the Western Rim Defendants were involved in the design and construction of an apartment complex known as the "Estates of Frisco," located at 1801 McCord, Frisco, Texas 75033 (the "Property"), that does not comply with the accessibility requirements under the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3601-3619 (the "FHA"). On June 24, 2015, Plaintiff amended his complaint to join BRE MF Frisco, LLC, the current owner of the Property.

On November 16, 2015, the Western Rim Defendants filed this motion to join NTS as a party involved in the design and construction of the Property. On December 14, 2015, Plaintiff filed a response (Dkt. #37). No reply was filed.

The Court must first determine under Federal Rule Civil Procedure 19(a) whether a person or entity should be joined to the lawsuit. "If joinder is warranted, then the person will be brought into the lawsuit. But if such joinder would destroy the courts jurisdiction, then the court must determine under Rule 19(b) whether to press forward without the person or to dismiss the litigation." *HS Res., Inc. v. Wingate*, 327 F.3d 432, 439 (5th Cir. 2003); *see August v. Boyd Gaming Corp.*, 135 F. App'x 731, 732 (5th Cir. 2005). In this case, the burden is on the Western Rim Defendants, as the movants, to show that NTS is a necessary and required party. *See Payan v. Cont'l Tire N. Am., Inc.*, 232 F.R.D. 587, 589 (S.D. Tex. 2005); *Hood ex rel. Miss. v. City of Memphis, Tenn.*, 570 F.3d 625, 628 (5th Cir. 2009).

> Rule 19(a) provides:
>
> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (I) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

FED. R. CIV. P. 19(a).

The Western Rim Defendants assert that NTS should be joined as a defendant in this matter because it participated in the design and construction of the Property. NTS was the architecture firm on the Property, and the Western Rim Defendants seek contribution from NTS for its actions if the design and construction of the Property is proven non-compliant with the FHA and damages resulting therefrom.

It is well-settled that joint tortfeasors are not considered "required" or indispensable parties under Rule 19. *Nottingham v. Gen. Am. Commc'ns Corp.*, 811 F.2d 873, 880 (5th Cir. 1987). Plaintiff is not required to name all possible joint tortfeasors in a single action. *See Temple v.*

*Synthes Corp.*, 498 U.S. 5, 7 (1990). A joint tortfeasor is merely a permissive party. *Id.* (citation omitted). The fact that a defendant may be able to seek indemnity or contribution from NTS if Plaintiff prevails does not establish the first prong of Rule 19. Each defendant has a non-delegable duty under the FHA; other participants need not be joined in order to obtain full relief. Because each participant has a non-delegable duty, a plaintiff need not join each subcontractor of the builder. The Western Rim Defendants allege that they contracted with NTS to design the Property and, as such, they can bring a claim directly against NTS for breach of contract or other duties. The Western Rim Defendants have cited no authority requiring joinder of all participants in an FHA design and construction case. The Western Rim Defendants have failed to carry their burden under Rule 19.

Alternatively, the Western Rim Defendants seek joinder of NTS under Federal Rule Civil Procedure 20. Rule 20(a)(2) allows for permissive joinder of defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2). "'[A] defendant can not use rule 20 to join a person as an additional defendant.'" *United States v. Dawn Props., Inc.*, 64 F. Supp. 3d 955, 964 (S.D. Miss. 2014) (quoting *Hefley v. Textron, Inc.*, 713 F.2d 1487, 1499 (10th Cir. 1983)); *see also Conceal City, L.L.C. v. Looper Law Enf't, LLC*, 917 F. Supp. 2d 611, 623 (N.D. Tex. 2013). The permissive joinder of Rule 20 allows a plaintiff to decide who shall be parties to a lawsuit. A defendant has no right to demand permissive joinder of an absent person as a defendant. Thus, the request to add NTS pursuant to Rule 20 is denied.

It is therefore **ORDERED** that Defendants Western Rim Property Services, Inc., Newport Classic Homes, L.P., and Western Rim Investors 2011-6, L.P.'s Motion to Join N.T.S. Architects

& Planners, Inc. as an Additional Defendant Under Rule 19, or alternatively, Rule 20 (Dkt. #27) is hereby **DENIED**.

**SIGNED this 9th day of February, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE